# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-01222-NYW-STV

GLOVEBOX TECHNOLOGIES INC.,

    Plaintiff,

v.

RICARDO DA CRUZ, and
COMPLETE AUTO REPORTS, LLC,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion for Attorney's Fees and Memorandum of Points and Authorities in Support of Defendants [sic] Motion for Attorney's Fees ("Motion for Attorney's Fees") [Doc. 25, filed March 25, 2024].[1] Plaintiff Glovebox Technologies Inc. ("Plaintiff" or "Glovebox") filed a Response, [Doc. 26], to which Defendants have filed a Reply, [Doc. 27]. Upon consideration of the record before the Court and the applicable legal authority, this Court respectfully **DENIES** Defendants' Motion for Attorney's Fees.

---

[1] When referring to a document filed in this action, this Court uses the convention [Doc. __] and the page number assigned by the District's Electronic Court Files system ("ECF") – not the pagination reflected in the briefing. When referring to a document filed in the previous action filed in the United Sates District Court for the Southern District of California (or "Southern District of California"), this Court uses the convention [ECF No. __] and the page number assigned by the Southern District of California's ECF system.

**BACKGROUND**

The background of this case has been discussed in detail in the Court's prior order, [Doc. 23], and will only be discussed insofar as it is relevant to this instant Motion for Attorney's Fees. Glovebox operates a business under the brand "ELECTRONIC GLOVE BOX" and owns the associated registered trademark. [Doc. 1 at ¶¶ 10, 12, 39–41]. In connection with the same, Plaintiff's "GLOVEBOX" mobile application (or "app") is available to download from Apple and Google. [*Id.* at ¶ 15]. Defendant Ricardo Da Cruz ("Mr. Da Cruz") "is and was an officer and/or director" of Defendant Complete Auto Reports, LLC ("CAR," and collectively with Mr. Da Cruz, "Defendants"). [*Id.* at ¶ 6]. Plaintiff alleges that Defendants began using the mark "DIGITAL GLOVEBOX" in May 2019 and that their "DIGITAL GLOVEBOX" app is also available on Apple and Google platforms. [*Id.* at ¶¶ 21, 23]. In 2022, Mr. Da Cruz filed a trademark infringement complaint with Apple and Google, complaining about Plaintiff's "GLOVEBOX" app. [*Id.* at ¶¶ 27, 59].

On September 20, 2022, Plaintiff initiated a civil action against Defendants in the United States District Court for the Southern District of California, alleging trademark infringement in violation of 15 U.S.C. § 1114; false designation of original and unfair competition in violation of 15 U.S.C. § 1125(a); and unfair competition under California statute, seeking injunctive relief under the Lanham Act. *See* Complaint, *Glovebox Techs. Inc. v. Da Cruz*, No. 3:22-cv-01420-AGS-BLM (S.D. Cal. Sept. 20, 2022), [ECF No. 1]. On October 10, 2022, Defendants filed a Motion to Dismiss, or in the Alternative, for Transfer, arguing that the Southern District of California lacked personal jurisdiction over Defendants and that the Southern District of California was an improper venue because

2

Defendants did not reside—and no part of the alleged events occurred—within the Southern District of California. [ECF. No. 6-1]. After full briefing on the merits, [ECF Nos. 8–9], the Southern District of California granted Defendant's motion to dismiss on venue grounds, *Glovebox Techs. Inc. v. Da Cruz*, No. 22-cv-01420-AGS-BLM, 2023 WL 3398532, at *2 (S.D. Cal. May 11, 2023). Specifically, it concluded that dismissal was appropriate, because Plaintiff had "offered no colorable justification for filing in [the Southern District of California], instead relying on contacts with a completely different judicial district." *Id*. In doing so, that court observed, "Plaintiff avoided filing in New Jersey, the Northern District of California, or even in Colorado in preference for a district that clearly lacks venue." *Id.*

Although Plaintiff claimed in the Southern District of California that the court should transfer the case to the United States District Court for the Northern District of California because it was "the only other proper venue," [ECF No. 8 at 18–19], Plaintiff initiated this civil action in this District on May 16, 2023, *see* [Doc. 1]. Glovebox brought two claims for trademark infringement and one claim for unfair competition against Defendants, again seeking injunctive relief, all under the Lanham Act. [*Id.*]. The claims brought in this District are substantially the same as those brought as Counts I, II, and IV in the Southern District of California. *Compare* [*id.*], *with* [ECF No. 1]. Defendants again filed a Motion to Dismiss, seeking dismissal of Plaintiff's claims for lack of personal jurisdiction and improper venue or, in the alternative, transfer to the United States District Court for the District of New Jersey. [Doc. 12]. After full briefing on the merits, [Doc. 14; Doc. 16], this Court granted Defendants' Motion to Dismiss on personal jurisdiction grounds and entered final judgment. [Doc. 23; Doc. 24]. This instant Motion for Attorney's Fees followed.

3

## LEGAL STANDARDS

**I.      Rule 41(d)**

Rule 41(d) of the Federal Rules of Civil Procedure provides:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (quotation omitted). It is well-settled that the decision whether to impose costs and attorney's fees lies within the sound discretion of the district court. *See id.*

**II.     28 U.S.C. § 1927**

Section 1927 of Title 28 is directed at vexatious conduct by counsel and provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that sanctions under § 1927 are levied to compensate for dilatory practices, not as a means of punishment. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008). The court "need not find that an attorney subjectively acted in bad faith. Rather any conduct that, viewed objectively, manifests either intentional or

4

reckless disregard of the attorney's duties to the court is sanctionable." *See Integrated Assocs. of Denver, Inc. v. Pope*, No. 21-1019, 2022 WL 2388420, at *8 (10th Cir. July 1, 2022) (quoting *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015)). But the Tenth Circuit has characterized the standard pursuant to § 1927 as an "extreme standard," and instructed that fees should be awarded "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Id.*

## ANALYSIS

**I.   Interpretation of Rule 41(d)**

Defendants argue that they should be awarded attorney's fees[2] for the Southern District of California action because Glovebox had no colorable basis for filing in California; Defendants were required to research and cater their arguments to authority from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"); and Glovebox refused to voluntarily dismiss its complaint there. [Doc. 25 at 11–15]. Glovebox argues that Rule 41(d) does not apply because it did not voluntarily dismiss any of its complaints, and Rule 41(b) specifically excludes dismissal for the lack of jurisdiction or improper venue. [Doc. 26 at 10–11]. On Reply, Defendants continue to argue that Plaintiff's conduct in federal court and before the Trademark Trial and Appeal Board ("TTAB") is vexatious and warrants sanctions. [Doc. 27 at 5–7].

The Court first turns to Plaintiff's argument that Rule 41(b) exempts it from being subject to attorney's fees and costs. [Doc. 26 at 9]. Specifically, Glovebox argues that

---

[2] Although Defendants reference "costs" in their Motion for Attorney's Fees, their briefing contains no discussion regarding an award of costs. *See generally* [Doc. 25; Doc. 27]. The Court notes that it awarded Defendants costs in its Final Judgment. [Doc. 24]. But it does not appear that Defendants filed a Bill of Costs with the Clerk of the Court and the time to do so has lapsed.

5

"[u]nder Federal Rules of Civil Procedure 41(b) the statute specifically excludes dismissals for the lack of jurisdiction or improper venue to support costs under 41(d)." *Id.* Though neither expressly stated nor entirely clear, this Court construes Glovebox as arguing that Rule 41(d) does not apply because it did not voluntarily dismiss its actions—either in the Southern District of California, or in the District of Colorado. [*Id.* at 6–8]. Thus, this Court next turns to whether Rule 41(d) applies where the dismissal of the prior action was not effectuated voluntarily by the plaintiff but was instead ordered by the court.

The plain language of Rule 41(d) contemplates a prior dismissal by the plaintiff: "*If a plaintiff who previously dismissed an action in any court* files an action based on or including the same claim against the same defendant . . . ." Fed. R. Civ. P. 41(d) (emphasis added). Some courts have held that the literal terms of the Rule exclude instances where the plaintiff did not voluntarily dismiss the prior action. *See, e.g.*, *Holden v. Simpson Paper Co.*, 48 F. App'x 917 (5th Cir. 2002); *Adv. Video Techs. LLC v. HTC Corp.*, Nos. 11-cv-06604-CM, 11-cv-08908-CM, 12-cv-00918-CM, 15-cv-04626-CM, 15-cv-04631-CM, 15-cv-04632-CM, 2019 WL 13214942, *4 (S.D.N.Y. Jan 31, 2019). Others have held that Rule 41(d) applies to involuntary dismissals because such a construction is consistent with the purpose of the Rule, i.e., "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *See Holt v. Kormann*, No. SACV 11-01047 DOC (MLGx), 2012 WL 5829864, *3 (C.D. Cal. Nov. 15, 2012). *See also Adv. Video Techs.*, 2019 WL 13214942 at *4 (collecting cases cited by defendants where Rule 41(d) was used to justify an award of attorneys' fees after a prior involuntary dismissal).

6

Defendants ignore this fundamental issue when citing *Meredith v. Stovall*, 216 F.3d 1087 (Table) (10th Cir. 2000). *See* [Doc. 25 at 10–12]. Glovebox argues that Rule 41(d) applied in *Meredith* only after the plaintiff voluntarily dismissed the case, [Doc. 26 at 11], and Defendants do not dispute this on Reply, *see generally* [Doc. 27].[3] Even if the Tenth Circuit in *Meredith* affirmed attorney's fees and costs pursuant to Rule 41(d) after an involuntary dismissal, it did so without discussing whether Rule 41(d) applies absent the plaintiff's voluntary dismissal of a prior action. And as an unpublished opinion, *Meredith* is not binding authority. *See Good v. Dep't of Educ.*, 121 F.4th 772, 789 n.8 (10th Cir. 2024) ("We cite to unpublished decisions only for their persuasive value, recognizing that they do not constitute binding precedent.").

Thus, this Court turns to the principles employed when interpreting Federal Rules. As with interpretation of legal terms in general, courts look to the plain meaning of the Rule. *See, e.g.*, *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991). The Supreme Court has observed that the "inquiry is complete if we find the text of the Rule to be clear and unambiguous." *Id*. at 541. Here, this Court concludes that the language of Rule 41(d) is clear and unambiguous – it is limited to a successive action filed by "a plaintiff who previously dismissed an action in any court." Fed. R. Civ.

---

[3] It is not clear on the face of the *Meredith* opinion whether the plaintiff had previously dismissed his first action voluntarily. This Court takes judicial notice that Mr. Meredith filed an action involving Rick Hoffman and Phil Kirkland prior to the one giving rise to the Rule 41(d) order. *See* Complaint, *Meredith v. Stovall*, No. 6:98-cv-001270-MLB-JTR (D. Kan. July 31, 1998), ECF No. 1. It appears that Mr. Meredith voluntarily dismissed that case. *Id.* at ECF No. 52; ECF No. 57. But given the age of the underlying case, this Court is unable to confirm whether that complaint triggered the defendants' request for costs under Rule 41(d). *See* Mot. for Award of Costs Pursuant to Rule 41(d) and for Stay Pending Payment of Those Costs, *Meredith v. Stovall*, No. 6:99-cv-01230-MLB-DWB (D. Kan. July 6, 1999), ECF No. 7; *see also id.* at ECF No. 23.

P. 41(d). Though it could be, the language is not crafted to include all previously dismissed actions (for example, "if a plaintiff from any previously dismissed action in any court files an action based on or including the same claim against the same defendant"). *See* § 2375 Costs of a Previously Dismissed Action, 9 Fed. Prac. & Proc. Civ. § 2375 (4th ed.) ("Rule 41(d) by its terms is applicable only when the plaintiff 'has once dismissed an action.' Thus, it does not apply to cases in which there was an involuntary dismissal of the prior action."). And as observed by Plaintiff, Defendants have identified no Tenth Circuit or intra-Circuit district court case that applies Rule 41(d) for a successive action filed after a court-ordered dismissal for lack of venue.

This Court recognizes that Rule 41(d) has important purposes like deterring forum shopping and vexatious litigation, as well as preventing any attempts to gain a tactical advantage by dismissing and refiling the suit. *See Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (collecting cases). But other rules, such as Rule 11 of the Federal Rules of Civil Procedure and the court's inherent authority, are available to address the same type of litigation conduct. And this Court finds that the purpose of Rule 41(d) cannot override its unambiguous language. Thus, this Court respectfully **DENIES** Defendants' Motion for Attorney's Fees insofar as it invokes Rule 41(d) of the Federal Rules of Civil Procedure.[4]

---

[4] The Court further notes that it is far from clear that Rule 41(d)'s reference to "costs" includes attorneys' fees. There is no binding authority from either the Supreme Court or the Tenth Circuit that interprets Rule 41(d) to include an award of attorney's fees, or articulates a standard of conduct (e.g., whether bad faith is required) that justifies such an award. And as recently observed by the Ninth Circuit, there is a three-way circuit split as to these issues. *See Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 544 (9th Cir. 2022). But this Court does not wade into this debate, given its conclusion that Rule 41(d) does not apply to the circumstances of this action before it.

## II. Application of Section 1927

Next, the Court considers whether 28 U.S.C. § 1927 justifies an award of costs and fees associated with the proceedings in this District and the TTAB. The Tenth Circuit has directed district courts to strictly construe the statute to "guard against dampening the legitimate zeal of an attorney in representing his client," and cautioned that "fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice." *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1013 (10th Cir. 2023). Based on the record before it, this Court cannot conclude that Glovebox's conduct meets this standard. Although this Court concluded that Plaintiff's arguments with respect to its personal jurisdiction over Defendants were not supported, this Court notes that filing in the District of Colorado did not exceed the bounds of zealous advocacy. There are insufficient facts for this Court to conclude that Plaintiff's counsel was bent on misleading the court or intentionally acted without a plausible basis, or that the entire course of these proceedings is unwarranted. *See Danielson-Holland v. Standley & Assocs., LLC*, 512 F. App'x 850, 853 (10th Cir. 2013). Indeed, Glovebox may have misinterpreted the order by the Southern District of California as establishing that Colorado was a proper forum. *See Glovebox*, 2023 WL 3398532, at *2.

Further, Defendants have cited no authority to permit this Court to impose sanctions for Plaintiff's conduct before the TTAB or refusal to stay its administrative proceeding before that tribunal. This Court concludes that it has no such power. *See Three Headed Prods., Inc. v. Steer Vend, Inc.*, No. 22-cv-00247-JMA, 2024 WL 3986868, at *13 (E.D.N.Y. Aug. 29, 2024).

9

Accordingly, this Court respectfully **DENIES** Defendants' request for attorney's fees against Plaintiff's counsel pursuant to 28 U.S.C. § 1927.

### III.   Inherent Authority

Finally, to the extent that Defendants request that the Court invoke its equitable powers to award attorney's fees in this action, [Doc. 27 at 9–10], this Court respectfully declines. Defendants did not seek attorney's fees and costs pursuant to the Court's inherent authority in their Motion for Attorney's Fees. *See generally* [Doc. 25]. "Where a party raises . . . new arguments in a reply brief, the Court may either allow the nonmovant to respond in a surreply or disregard the new matters in ruling on the motion." *LNV Corp. v. Hook*, No. 14-cv-00955-RM-CBS, 2015 WL 5679723, at *3 (D. Colo. Sept. 25, 2015). Because arguments raised for the first time in a reply brief are generally deemed waived, *White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017), and because Defendants' new theory for sanctions against Glovebox could have been raised in its original Motion, the Court finds the argument to be waived and declines to address it.

### CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)   Defendants' Motion for Attorney's Fees and Memorandum of Points and Authorities in Support of Defendants [sic] Motion for Attorney's Fees [Doc. 25] is **DENIED**.

DATED:  January 28, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge